**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :   Case No. 08-13555 (SCC)
                                          :
                             Debtors.     :   (Jointly Administered)
                                          :
-----------------------------------------------------------------x
                                          :
LEHMAN BROTHERS HOLDINGS INC. and         :
LEHMAN BROTHERS SPECIAL                   :   Adv. Proc. No. 12-01980 (SCC)
FINANCING INC.                            :
                                          :
                            Plaintiffs,   :
                                          :
    -against-                             :
                                          :
CREDIT PROTECTION TRUST 207, FSA          :
ADMINISTRATIVE SERVICES, LLC, as          :
Trustee for the CREDIT PROTECTION         :
TRUST 207 and FINANCIAL SECURITY          :
ASSURANCE INC. n/k/a ASSURED              :
GUARANTY MUNICIPAL CORPORATION            :
                           Defendants.    :
-----------------------------------------------------------------x
```

## STIPULATED JOINT PRETRIAL SCHEDULING ORDER

This Civil Case Management Plan submitted in accordance with Fed. R. Bankr. P. 7026

and Fed. R. Civ. P. 26(f), is adopted as the Joint Pretrial Scheduling Order of this Court for the

above-captioned adversary proceeding.

1.      All fact discovery shall be completed by December 19, 2014.

2.      The parties are to conduct discovery in accordance with the Federal Rules of

Bankruptcy Procedure, the Federal Rules of Civil Procedure (as incorporated therein), and the

Local Rules of this Court.  In accordance with Federal Rules of Bankruptcy Procedure 7026-

7037, Federal Rules of Civil Procedure 26-37 shall apply in their entirety to this proceeding.  The

following interim deadlines may be extended by the written consent of the parties without

application to the Court, provided all fact discovery is completed by the date set forth in

paragraph 1 above:

A.      Initial disclosures will be served on March 14, 2014.

B.      Requests for production of documents may be served no earlier than

March 14, 2014.

C.      Responses and objections to requests for the production of documents to

be served within 30 days of the service of each request or set of requests for the production of

documents.

D.      Interrogatories pursuant to Local Bankruptcy Rule 7033-1(a) and

7033-1(b) may be served no earlier than March 14, 2014.

E.      Interrogatories pursuant to Local Bankruptcy Rule 7033-1(c) and requests

for admissions will be served at the conclusion of other discovery and at least 30 days prior to

close of discovery.

F.      Document production to be substantially completed by September 19,

2014.

G.      Privilege logs shall be served within 30 days of the production from which

the logged documents have been withheld.

H.      Depositions of fact witnesses may take place no earlier than September 19,

2014 and no later than December 19, 2014.

I.      Documents shall be produced as follows:

(1)      E-mails shall be produced as single-page TIFF images with
accompanying full text and load file (DAT).  Metadata fields
included with the load file should be provided in accordance with
Appendix A to the extent reasonably available.  E-mail

attachments shall be handled according to the provisions below applicable to loose electronic documents and shall not be separated from the emails to which they are attached.  Native files for all e-mails shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

(2)     Word and loose other electronic documents shall be produced as single-page TIFF images with accompanying full text and load file (DAT).  The text file shall be named after the beginning bates number of the document, with extension ".txt".  Metadata fields included with the load file should be provided in accordance with Appendix A.  For Excel or other spreadsheet files, the native file shall be produced, along with a single-page TIFF placeholder, except that native files need not be produced for redacted Excel or other spreadsheet files. Native files for all other electronic documents shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

(3)     Hard copy documents shall be produced as single-page TIFF images with accompanying full OCR text and load file (DAT). Metadata fields included with the load file should be provided in accordance with Appendix A.

(4)     All TIFF files shall be produced as single page, black and white TIFFs, bearing the Bates number of each page, or, in the case of spreadsheets or database documents for which Bates numbers cannot be applied to each page, bearing the Bates number of that spreadsheet or database document.

(5)     Along with its productions, each party shall provide either an 1PRO (.lfp) or Opticon (.opt) single-page image load/cross reference file. Image filenames should contain the bates number information of the image.

(6)     Electronic data productions may be transmitted electronically via Secure File Transfer Protocol (SFTP), FTP over SSH or physically transported using electronic storage media such as flash memory devices, CDs, DVDs or hard drives.  The physical media label should contain the case name and number, production date, and bates range being produced. Each party may encrypt any data produced using standard encryption software.

(7)     In accordance with Fed. R. Civ. P.26(b)(5)(B) and Fed. R. Evid. 502(b), any inadvertent disclosure of document(s) shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto,

-3-

including without limitation the attorney-client privilege, the joint defense privilege, and the work product doctrine, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.  All copies of such document(s) shall be returned to the producing party or destroyed within five days of such notice.  The producing party shall maintain the referenced document(s) until the parties resolve any dispute concerning the privileged nature of the document(s) or the Court rules on any motion to compel the document(s).  No Party shall use or refer to any information contained within the document(s) at issue unless and until the producing Party agrees or a motion to compel is granted by the Court.

3.      The parties shall disclose the identities of any testifying expert witnesses and serve any expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) on any issue(s) as to which that party bears the burden of proof on February 6, 2015.  The parties will exchange any rebuttal expert reports on March 20, 2015.

4.      Depositions of expert witnesses may take place no earlier than April 3, 2015 and no later than May 8, 2015.

5.      Dispositive motions to be filed no later than June 19, 2015.

6.      A pretrial hearing shall be held at a date to be determined.

7.      The trial shall be held at a date to be determined by the Court.

Dated: February 19, 2014
      New York, New York

/s/ Jayant W. Tambe
Jayant W. Tambe
Benjamin Rosenblum
Nidhi Nina Yadava
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone:  (212) 326-3939

*Attorneys for the Plaintiffs*

Dated: February 19, 2014
      New York, New York

/s/ Thomas J. Moloney
Thomas J. Moloney
Roger A. Cooper
CLEARY GOTTLIEB STEEN & HAMILTON
LLP
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000

*Attorneys for the Defendants*

**IT IS SO-ORDERED:**
March 4, 2014
New York, New York


/s/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

**APPENDIX A**

| Field | Description |
|---|---|
| BegBates | Page ID of first page in a document. |
| EndBates | Page ID of last page in a document. |
| BegAttach | BegBates of parent record. |
| EndAttach | BegBates of last attached document in family. |
| From | Author of the e-mail message. |
| To | Main recipient(s) of the e-mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| DateSent | Sent date of an e-mail message. |
| TimeSent | Time the e-mail message was sent. |
| EMail Subject | Subject of the e-mail message. |
| Author | Author field value pulled from metadata of the native file. |
| Title | Title held value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| DateCreated | Creation date o f the native file. |
| TimeCreated | Creation time of the native file. |
| EntrylD | Unique identifier of e-mails in mail stores. |
| FileDescription | File extension of other description of native file type. |
| Filename | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-hit output. |
| Attach | Semi-colon delimited string of first level attachments in the e-mail. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| PgCount | Number of pages in a document. |
| NativeFile | Logical file path to the native file. |
| OCRPath | Logical file path to the OCR text. |